## WILLIAM JOHNSON *vs.* SAMUEL TEMPLE, jr.

A ca. sa., cannot issue against a white inhabitant of this State without the evidence of his inability to pay, required by the act of 1785; and *also* the affidavit of fraud required by the act of 1841.

CA. sa., on a judgment rendered against the defendant. The plaintiff made oath as required by the act of 1841, (9th vol. 423,) and the defendant was committed to prison.

*Mr. Wales*, at the next term, moved to quash the writ of ca. sa., on the ground that no previous execution process had issued against the goods, and no return of nulla bona had been made. (*Dig.* 215.)

*By the Court..*—The act of 1785 (*Dig.* 215,) reciting that " per-

sonal liberty is one of the greatest privileges that freemen enjoy, and ought not to be violated in any case whatsoever, unless where substantial justice absolutely requires it," provides, that the writ of ca. sa., shall not be issued on any judgment against any defendant, " being an inhabitant of this State," until it shall have been ascertained by the return to a writ of fieri facias, or by the oath of the plaintiff in such judgment, that the defendant has not sufficient personal or real property to satisfy such judgment.

The act of 1841 provides, that no writ of ca. sa., shall be issued upon a judgment against any free white citizen of this State until the plaintiff, or some credible person for him, shall swear or affirm that the defendant is justly indebted to him in a sum exceeding $50, and that he verily believes the defendant has secreted, conveyed away, assigned, settled or disposed of, either money, goods, chattels, stocks, securities, &c., of more than $50 value, with intent to defraud his creditors.

These acts are consistent with each other. The latter carries out the object of the former, and extends it. There is no inconsistency between them; and no reason why the last act should be taken as a substitute for the first, or in any way to repeal it. The legislature of 1841 intended to prevent imprisonment for debt, not only where the defendant *has* sufficient real or personal property to pay the debt, but also where he has *not* sufficient property unless he has been guilty of fraud in disposing of his property. And, therefore, leaving the act of 1785 in full force, they provided additionally, that the writ of ca. sa., should not be issued without an affidavit charging the defendant with fraud. The writ, therefore, in this case, having been issued without having previously ascertained the defendant's inability to pay the debt, in the manner directed by the act of 1785, cannot be sustained against an inhabitant of this State.

*Bayard* and *Rogers*, for plaintiff.

*Wales*, for defendant.

A question remained, whether it appeared that the defendant was " an inhabitant of this State;" and, upon that question, the case finally turned.